# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SKY CHEFS, INC., a Delaware corporation; LSG SKY CHEFS, a unknown corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LISBI CLARIBEL MORALES, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/08/2024 2:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Villchis-David, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N. Hill Street
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
24STCV29461

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen J. Duron, Esq., 612 S. Broadway, Los Angeles, CA 90014; Telephone (213) 389-3765

DATE: 11/08/2024                David W. Slayton, Executive Officer/Clerk of Court    A. Villchis-David
*(Fecha)*                       Clerk, by                                              , Deputy
                                *(Secretario)* _____        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SKY CHEFS, INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use                        **SUMMONS**                    Code of Civil Procedure §§ 412.20, 465
Judicial Council of California                                                                   www.courtinfo.ca.gov
SUM-100 [Rev. July 1, 2009]

Liliuokalani Martin, Esq. (SBN 292778)
lili@downtownlalaw.com
Stephen J. Duron, Esq. (SBN 263485)
stephen@downtownlalaw.com
**DOWNTOWN L.A. LAW GROUP, LLP**
612 S. Broadway,
Los Angeles, California 90014
Telephone: (213) 389-3765
Facsimile: (877) 389-2775

Attorney for Plaintiff,
LISBI CLARIBEL MORALES

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/08/2024 2:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Villchis-David, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| LISBI CLARIBEL MORALES, an individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SKY CHEFS, INC., a Delaware corporation; LSG SKY CHEFS, a unknown corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　Defendants. | Case No. 24STCV29461<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br><br>4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br><br>5. **FOR DECLARATORY JUDGMENT; AND**<br><br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br><br>**DEMAND OVER $25,000**<br><br>**[DEMAND FOR JURY TRIAL]** |

**COMES NOW PLAINTIFF, LISBI CLARIBEL MORALES,** and for causes of action against the Defendants and each of them, alleges as follows:

-1-
COMPLAINT FOR DAMAGES

# JURISDICTION

1. This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

# THE PARTIES

2. Plaintiff, LISBI CLARIBEL MORALES, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant SKY CHEFS, INC. (hereinafter referred to as "SKY") was and is a Delaware corporation doing business at 6901 Imperial Highway, Los Angeles, in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant LSG SKY CHEFS (hereinafter referred to as "LSG") was and is an unknown corporation doing business at 6901 Imperial Highway, Los Angeles, in the County of Los Angeles, State of California.

5. SKY and LSG are hereinafter collectively referred to as "Employers" or "Defendants."

6. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private airline catering service.

7. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

8. At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

10. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

11. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

12. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

13. Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Civil Rights Department

("CRD") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

14. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

15. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

   a. Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

   b. Employers and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

   c. Employers and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

   d. Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

   e. The business affairs of Employers and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to

1  Plaintiff for violations of the Government Code and other statutory violations. The corporate existence
2  of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice because such
3  disregard is necessary to avoid fraud and injustice to Plaintiff herein.
4        16.    Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the
5  fiction of their separate corporate existence must be disregarded.
6        17.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based
7  thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint
8  enterprise, and that Plaintiff was an employee of Employers and DOES 1-20. Plaintiff performed services
9  for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants
10 shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which
11 Defendants' business was and is conducted.
12       18.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and
13 between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of
14 assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other
15 Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts
16 to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere
17 continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for
18 the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES
19 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

      19.    Lisbi Claribel Morales ("Plaintiff") was hired on or about April 2016 to serve as a driver for Defendants Sky Chefs, Inc. and LSG Sky Chefs (collectively referred to as "Employers"). Plaintiff performed her duties in an exemplary fashion until she was wrongfully terminated on or about October 31, 2023.

      20.    Since the beginning of her employment, Plaintiff was harassed in a sexual manner by a safety control officer/inspector, with the nickname, "Gandhi," whose full name is unknown to Plaintiff

1  at this time, while at work. Gandhi's job duties included conducting safety inspections of drivers like
2  Plaintiff to ensure they were performing in compliance with safety protocols.

3     21.  Gandhi's sexual harassment was overt and directed at Plaintiff based upon her sex and
4  gender. For example, she caught him staring at her vagina/crotch area, would make sexually charged
5  comments at her and then ask her for her phone number. He also asked her to go out on dates with him.
6  He cautioned her stating if she dated him, things would go very smoothly for her at work, but if she
7  refused him, he would "fail" her safety inspections, and this would be a threat to her continued
8  employment. He also told her that she should "only have eyes for him." Plaintiff refused Gandhi's sexual
9  advances.

10     22.  Plaintiff and Gandhi worked the morning shift from approximately 4:00 a.m. to 2:00 p.m..
11  This is when his harassment took place. Plaintiff learned that if she transferred to the afternoon shift
12  from 4:00 p.m. to 2:00 a.m., she would mostly avoid Gandhi, so, to avoid being harassed by Gandhi,
13  Plaintiff changed her work shift from the morning shift to the afternoon shift.

14     23.  The last six (6) months of employment, Plaintiff was placed back on the morning shift,
15  which was the same shift that Gandhi worked. His harassment resumed.

16     24.  Other employees noticed that Gandhi picked on her and not other drivers informing
17  Plaintiff that "he comes hunting for you." On or about September 7, 2023, Plaintiff reported the
18  harassment to her Union, who did nothing, and then to Employers' Human Resources department.
19  Human Resources failed to prevent the discrimination and harassment from occurring because they told
20  Plaintiff not to worry about his advances and they did nothing to protect her. No investigation was done
21  into her complaint about Gandhi.

22     25.  Feeling unsupported, Plaintiff reported the incidents to her manager. The manager told her
23  that a meeting would take place to discuss it, but a meeting never occurred.

24     26.  Instead, on or about October 30, 2023, Plaintiff was called into her manager's office and
25  was suspended. She asked why she was being suspended to which they gave no reply. She inquired about
26  the complaint she made regarding the security guard and the manager said he would open an investigation.

27     27.  On the following day, October 31, 2023, Plaintiff's employment was terminated. When
28  she inquired as to the reason for her termination, she was told that Employers had received the complaint

1  she made against the security guard, she was told that she had failed a safety inspection, that was
2  conducted by Gandhi, and so they decided to let her go.  Gandhi retaliated against Plaintiff for reporting
3  his harassment against her and Employers failed to prevent the retaliation by Gandhi and condoned it by
4  terminating her employment. Moreover, the alleged failed safety inspection was consistent with Gandhi's
5  threat that he would have her employment terminated if she refused to date him. Employers intentionally
6  decided not to inform Plaintiff of their decision to terminate her employment until she was called into her
7  manager's office to allegedly discuss her complaint against Gandhi.  This was despicable conduct that
8  was willful and done in conscious disregard of Plaintiff's rights; it was intended to cause injury to Plaintiff
9  because they knew Plaintiff depended on the income of her employment.

28.  Based on the events set forth above, Employers discriminated, harassed, retaliated against and terminated Plaintiff's employment based upon her, sex and gender and engagement in protected activities, such as reporting sexual harassment in the workplace. As a result, Employers wrongfully terminated Plaintiff's employment.  Employers failed and refused to stop and/or prevent discrimination, harassment, and retaliation from occurring and her employment was wrongfully terminated.  Moreover, Plaintiff's managers, directors, and supervisors specifically knew that Plaintiff depended on the income from her employment and nonetheless, Employers terminated Plaintiff's employment with the specific intent of cause her harm.

29.  Plaintiff's termination was substantially motivated by Plaintiff's gender, sex, and/or engagement in protected activities. Employers' discriminatory animus is evidenced by the previously mentioned facts.

30.  Employers' conduct described herein was undertaken, authorized, and/or ratified their officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Employers.  The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Employers who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

31. As a result of Employers' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

32. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

33. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

34. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Employers and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

35. Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

36. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

37. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

38. FEHA requires Defendants to refrain from discriminating against an employee on the basis of gender, sex, and to prevent discrimination and harassment on the basis of gender, sex, and engagement in protected activities from occurring.

39. Plaintiff was a member of multiple protected classes as a result of Plaintiff's gender, sex.

40. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

41. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, retaliation, failure to investigate, remedy, and/or prevent discrimination harassment and retaliation, failure to reinstate and/or return to work, and termination, and was harmed thereby.

42. Plaintiff is informed and believes that Plaintiff's gender, sex, and reporting sexual harassment, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

43. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

44. The damage allegations are herein incorporated by reference.

45. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

46. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
## FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

47. Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

48. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

49. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

50. These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee's gender, sex, and engagement in protected activities, as set forth hereinabove.

51. Defendants' harassing conduct, and the harassing conduct intentionally done by Defendants' agent, "Gandhi," as described above, was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

52. Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of Plaintiff's gender, sex, engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove.

53. The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

54. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California. Such violations were a proximate cause in Plaintiff's damage as stated below.

55. The damage allegations are herein incorporated by reference.

56. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

57. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

58. Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

59. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

60. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

61. Plaintiff engaged in the protected activities of reporting sexual harassment in the workplace, and complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's gender, sex.

62. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to investigate, remedy, and/or prevent discrimination and harassment, failure to reinstate and/or return to work, and termination, and was harmed thereby.

63. Plaintiff is informed and believes that Plaintiff's conduct of complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

64. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

65. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

66. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

67. The damage allegations are herein incorporated by reference.

68.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

69.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION
## FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k)
## AGAINST ALL DEFENDANTS

70.     Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

71.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

72.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

73.     The damage allegations are herein incorporated by reference.

74.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

75. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT
## AGAINST ALL DEFENDANTS

76. Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

77. Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.
>
> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.
>
> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.
>
> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.
>
> This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

78. Government Code §12920.5 embodies the intent of the California legislature and states:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To

    that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

79. Moreover, Government Code §12921, subdivision (a) says in pertinent part:

    The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

80. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's gender, sex, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's gender, sex, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and ultimately wrongfully terminated as a result of Plaintiff's gender, sex, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

81. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's gender, sex, engagement in protected activities, and/or some combination of these protected characteristics.

82. Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's gender, sex, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

83. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to

1  condemn such discriminatory employment policies or practices prospectively. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

84. A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

85. Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination and harassment.

## SIXTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

86. Plaintiff re-alleges and incorporates by reference all Paragraphs, inclusive, as though set forth in full herein.

87. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of gender, sex, and from retaliating against any employee who engages in protected activity.

88. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of gender, sex, and/or engagement in protected activity.

89. Plaintiff believes and thereon alleges that Plaintiff's gender, sex, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

90.     Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of gender, sex, Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

91.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

92.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of violation of FEHA.

93.     Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

94.     The damage allegations are herein incorporated by reference.

95.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount no less than $550,000.000 according to proof as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

3. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

7. For post-judgment interest; and

8. For any other relief that is just and proper.

DATED: October 29, 2024    **DOWNTOWN L.A. LAW GROUP, LLP**

By: *Stephen J. Duron*
Liliuokalani Martin, Esq.
Stephen J. Duron, Esq.
Attorneys for Plaintiff
LISBI CLARIBEL MORALES

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: October 29, 2024    **DOWNTOWN L.A. LAW GROUP, LLP**

By: *Stephen J. Duron*
Liliuokalani Martin, Esq.
Stephen J. Duron, Esq.
Attorneys for Plaintiff
LISBI CLARIBEL MORALES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-18-
COMPLAINT FOR DAMAGES